IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CR-294-FL-RJ

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MIQUEL ANTWAN DYSHEEN SPIVEY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to reopen detention hearing (DE 35). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(a), United States Magistrate Judge Robert B. Jones, Jr. entered memorandum and recommendation ("M&R"), recommending that defendant's motion to reopen be denied (DE 36). Defendant objected to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R and denies defendant's motion to reopen detention hearing.

**BACKGROUND**

The court incorporates the facts and background set forth in the M&R:

> On November 24, 2025, Defendant was charged in an 18-count indictment with one count of conspiracy to distribute and possession with intent to distribute a mixture and substance containing a detectable amount of MDMB-4en-PINACA, in violation of 21 U.S.C. § 841(a)(l) and § 846; seven counts of distribution of the same, and aiding and abetting, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(l); and ten counts of engaging in monetary transactions in property derived from a specified unlawful activity, in violation of 18 U.S.C. § 1957. [DE-I]. Defendant was arrested in Houston, Texas on January 13, 2026, and appeared before a magistrate judge for initial appearance the following day. [DE-9-4, -9-5]. At the initial appearance, an order of temporary detention pending hearing was entered, and Defendant was remanded to custody. [DE-9-4]. On January 16, Defendant appeared before the Texas magistrate judge for an identity and detention hearing, at which identity was not contested and defense counsel proffered

> testimony. [DE-9-8]. The magistrate judge found the rebuttable presumption under 18 U.S.C. § 3142(e)(3) applied because Defendant was charged with an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904); Defendant had not rebutted the presumption that he poses a danger to the community and a risk of flight; and even if the presumption had been rebutted, the Government had met its burden to prove that no combination of conditions could reasonably assure Defendant's appearance or the safety of the community. [D E-9-12]. The magistrate judge based her conclusion on the following: (1) the charged offense, as to which Defendant faced a minimum of 10 years and up to life in prison if convicted, includes thousands of shipments of MDMB-4en_PINACA to persons serving in the military, and includes shipments to all 50 states and 15 foreign countries; (2) the weight of the evidence, specifically that Defendant and his mother made thousands of shipments of "Bummy Legion vape juice," from which Defendant earned over $5 million dollars from online sales, a search of Defendant's home incident to his arrest revealed an area in his home where he mixed a substance alleged to be MDMB-4en PINACA with liquid and then sold the mixture on line as Bummy Legion vape juice, and during an interview, Defendant told agents the white powder in his home was the "stuff that gets people high" and that he mixed it with liquid to make Bummy Legion vape juice; (3) the history and characteristics of Defendant, specifically that although he was honorably discharged, he used his military connections to market Bummy Legion vape juice to military personnel, he made over $5 million dollars from the sales, and a crypto currency wallet remains inaccessible to seizure, Defendant faces a very long sentence if convicted—a minimum of ten years in prison up to life in prison, Defendant has no family in Houston, Defendant's mother was proffered as a third party custodian, but testimony at the hearing established she was participating in the Bummy Legion vape juice business herself so she was not a suitable custodian; and (4) the seriousness of the danger to community or individuals, specifically that the sale of Schedule I controlled substances to members of the U.S. military and others presents a serious danger to the community, which Defendant would understand given his prior military service. [DE-9-12] at 3-4. Defendant's initial appearance in this district was held on March 9, 2026, and because he had a detention hearing in Texas at which he was ordered detained, and he was remanded to the custody of the U.S. Marshal. [DE-12].

(M&R (DE 36) at 1-3).



Case 5:25-cr-00294-FL-RJ Document 43 Filed 09/29/26 Page 2 of 7

## COURT'S DISCUSSION

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). It does not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).[1] Absent a specific and timely objection, the court reviews only for "clear error," and need not explain its reasoning for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B. Analysis

The court is allowed, but not required, to reopen a defendant's detention hearing "at any time before trial." 18 U.S.C. § 3142(f)(2). To reopen a detention hearing, the court must find that 1) "information exists that was not known to the movant at the time of the hearing," and 2) such information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Id.

[1] In this order, internal citations are quotation marks are omitted from citations unless otherwise specified.

In his motion to reopen, defendant raises two grounds for reopening the detention hearing. Defendant raises an additional ground for the first time in his objections to the M&R.[2] Each is addressed in turn.

First, defendant argues that during his detention hearing before a magistrate judge in the United States District Court for the Southern District of Texas, the arresting court "was under the mistaken belief that [defendant] faced a mandatory minimum of 10 years in custody if convicted on any of counts 1-9 of the indictment," when defendant actually faces up to 20 years in custody and no mandatory minimum. (Motion to Reopen (DE 35) at 3-4). Defendant is correct that his charge of distributing a quantity of a Schedule 1 controlled substance carries no mandatory minimum. See 21 U.S.C. § 841(b)(1)(C).

At the outset, the M&R notes "[t]his is not in the nature of information not known to the movant at the time of the hearing within the scope of § 3142(f)(2), but rather, it is assertion of error on the part of the Texas magistrate judge that is appropriately addressed through review of the detention order pursuant to 18 U.S.C. § 3145(b)." (M&R (DE 36) at 4). At any rate, considering defendant's argument on the merits, "the length of sentence Defendant faced was only one of several factors supporting the detention order." (Id. at 5). Other factors considered included the charged offense, weight of the evidence, history and characteristics, and seriousness of danger to the community or individuals, "all of which weighted in favor of detention." (Id.). Thus, "despite the asserted error with respect to the length of sentenced Defendant faced," there was still

[2] As part of the court's obligation to determine de novo any issue to which proper objection is made, the court considers all arguments raised on the issue of reopening the detention hearing, regardless of whether those arguments were raised before the magistrate judge. See United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992); Samples v. Ballard, 860 F.3d 266, 271-72 (4th Cir. 2017).

"clear and convincing evidence that Defendant posed a serious risk of flight and posed a danger to the community and that there are no conditions that would reasonably address the danger and risk of flight or non-appearance." (Id. at 6).

Defendant objects that he "was unaware at the time of the hearing that the [arresting court] was unclear as to the statutory penalties," and so, the arresting court's mistaken belief qualifies as information not known to defendant at the time of the hearing. (Objections to M&R (DE 41) at 2). Defendant fails to address the other evidence considered by the court weighing against his release. Even assuming the error qualifies under the first prong of the § 3142(f) analysis, in light of the abundant evidence considered by the court weighing against defendant's release, defendant has not shown that the arresting court's misapprehension had a "material bearing" on the non-existence of conditions that would reasonably address defendant's danger to the community and risk of flight or non-appearance. See 18 U.S.C. § 3142(f)(2).

Next, defendant argues that he has identified a third-party custodian residing in the Eastern District of North Carolina. Previously, defendant proffered his mother as a third-party custodian, despite evidence that she participated in the "Bummy Legion vape juice" business alongside defendant. (Motion to Reopen (DE 35) at 4).

In the M&R, the magistrate judge found that "Defendant has presented no evidence, or even argued, that this new potential custodian was not known to the movant at the time of the hearing." (M&R (DE 41) at 6). As noted above, "the existence of information not known to the movant at the time of the hearing" is a necessary finding for the court to reopen a detention hearing. 18 U.S.C. § 3142(f)(2).

In his objections to the M&R, defendant contends "[i]t is not known whether [defendant's] attorney in Texas explored anyone other than his mother as a possible third-party custodian." (Objections to M&R (DE 41) at 2). Still, this fails to resolve the first prong of the § 3142 inquiry in defendant's favor. Because defendant has presented no evidence to suggest that the potential custodian was not known to defendant at the time of the hearing, his identification of another third-party custodian does not warrant reopening the hearing. See 18 U.S.C. § 3142(f)(2).

Finally, defendant argues, for the first time in his objections to the M&R, that "the government has filed Lis Pendens on all properties owned by [defendant] and his companies" and "seized [defendant's] personal and business bank accounts," which materially bears on defendant's flight risk. (Objections to M&R (DE 41) at 2-3). Once again, defendant fails to address the other evidence considered by the court weighing against his release.

Beyond all the factors weighing against defendant's release that are detailed above, and stand apart from defendant's personal and business assets, the arresting court also identified a "crypto currency wallet," belonging to defendant, that "remains inaccessible to seizure." (M&R (DE 41) at 2). Accordingly, defendant has not shown that the lis pendens filed on his properties and bank accounts "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 28 U.S.C. § 3142(f).

In sum, none of defendant's arguments or objections to the M&R warrant reopening his detention hearing under 28 U.S.C. § 3142(f). As a result, the court denies defendant's motions to reopen.

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation of the M&R (DE 36) and DENIES defendant's motion to reopen (DE 35).

SO ORDERED, this the 29th day of September, 2026.

LOUISE W. FLANAGAN
United States District Judge